11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Marlon James Newsome

Appellant

Vs.                   No.
11-03-00210-CR -- Appeal from Harris County

State of Texas

Appellee

 

The jury convicted Marlon James Newsome of the
offense of aggravated robbery.  Upon
pleas of true to the enhancement allegations, the trial court assessed
appellant=s
punishment at confinement for 45 years. 
We affirm.  








In his sole point of error, appellant contends
that the trial court erred in admitting evidence of extraneous offenses.  To be admissible, evidence must be
relevant.  TEX.R.EVID.
401 & 402.  Evidence of other
crimes, wrongs, or bad acts is not admissible to show character conformity but
may be admissible for other purposes, such as establishing an elemental fact,
establishing an evidentiary fact that leads to an elemental fact, or rebutting
a defensive theory.  TEX.R.EVID.
404(b); Montgomery v. State, 810 S.W.2d 372, 387-88 (Tex.Cr.App.1991).  Further, although relevant and admissible
under Rule 404(b), evidence may still be inadmissible under TEX.R.EVID.
403.  When performing a Rule 403
balancing test, a trial court must determine if the probative value of the
evidence is substantially outweighed by the danger of unfair prejudice.  Montgomery v. State, supra at
389.  In making this determination, the
trial court should consider the following: 
(1) whether the ultimate issue was seriously contested by the opponent
of the evidence; (2) whether the State had other convincing evidence to
establish the ultimate issue to which the disputed evidence was relevant; (3)
the compelling nature, or lack thereof, of the evidence; and (4) the likelihood
that the evidence was of such a nature as to impair the efficacy of a limiting
instruction.  Taylor
v. State, 920 S.W.2d 319, 322 (Tex.Cr.App.), cert. den=d, 519 U.S. 951 (1996); Montgomery v. State,
supra at 392-93.  The trial
court should also consider how much time the State will need to develop the
extraneous offense evidence and the potential for the evidence to affect the
jury in some irrational way.  Mozon
v. State, 991 S.W.2d 841, 847 (Tex.Cr.App.1999).  We will reverse the trial court=s decision only upon a showing of a
clear abuse of discretion.  Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Cr.App.2000); Ransom
v. State, 920 S.W.2d 288, 299 (Tex.Cr.App.), cert.
den=d,
519 U.S. 1030 (1996); Montgomery v. State, supra at 390.  An abuse of discretion is shown if the ruling
was outside the zone of reasonable disagreement.  Montgomery v. State, supra at 391.  

The record in this case reflects that appellant
objected at trial to the evidence of two extraneous aggravated robberies.  Appellant objected under Rules 402, 404(b),
& 403.  The trial court overruled
appellant=s
objections and allowed the State to introduce the
extraneous offenses during the State=s
case-in-chief.  Prior to the introduction
of the extraneous offenses, appellant had cross-examined James Wright, the
complainant in this case, about his identification of appellant as the person
who committed the instant offense.  

Wright was the general manager of one of the Aaron=s rent-to-own businesses in
Houston.  Wright explained that the
rent-to-own business is a cash business with payments typically being made at
the store.  Wright testified that, at
approximately 6:30 on November 3, 2001, he was robbed at gunpoint by
appellant.  According to Wright,
appellant walked into the store holding a piece of paper and said that he was
there to make a payment.  Appellant
followed Wright to the counter, pulled a silver .45 automatic pistol from
underneath his shirt, pointed the pistol at Wright=s
head, handed him a plastic bag, and told him to put all of the money in the
bag.  Wright complied.  Then, appellant told Wright that he also
wanted the money from the safe, so they went to Wright=s
office.  Wright opened the safe and
showed appellant that there was no money in there.  Appellant instructed Wright to pull the phone
cord out of the wall, to sit with his head down at the desk, and not to follow
him or call the police.  

Wright testified that, during the encounter,
appellant was very demanding.  Wright
described his assailant as being 6'1" tall and big but well-built, like he
works out a lot, and as wearing big sunglasses. 
Approximately one week after the crime, Wright worked with a police
sketch artist and developed a drawing of the robber=s
face.  Wright subsequently picked
appellant out of a lineup.  








During cross-examination, defense counsel
questioned Wright about a statement that he had signed for company insurance
purposes.  Wright was impeached with that
statement as to the number of people involved in the crime.  Defense counsel also cross-examined Wright
regarding the description that he had given to police, the lighting, and Wright=s attention to detail.  Wright did not give a description of the
robber=s facial
features or scars to the police.  Wright
could not recall what type of clothing the robber was wearing or if he was
wearing a hat.  Although Wright had
testified that appellant was the person who robbed him and that appellant was
in his presence for 10 to 15 minutes, defense counsel questioned Wright about
his statement to police that the whole incident took only 1 minute.  Defense counsel also impeached Wright=s credibility with a prior conviction
involving moral turpitude.  

Defense counsel also pointed out inconsistencies
in Wright=s story
during the cross-examination of Officer Larry Villarreal, the police officer
who was dispatched to the scene of the robbery. 
These inconsistencies included Wright=s
description of the age, weight, and height of the robber versus appellant=s actual age, weight, and height.  Officer Villarreal testified that Wright told
him that the incident lasted for approximately one minute.  

Determining that appellant had placed identity
into issue through his cross-examination of the State=s
witnesses, the trial court then allowed the State to introduce evidence of two
similar extraneous aggravated robberies that occurred in the Houston area at
other rent-to-own businesses near closing time. 
One of these offenses occurred at a different Aaron=s store on October 20, 2001.  The other one occurred at a Rent-A-Center on
January 21, 2002.  In both instances, the
managers described a similar method of operation as Wright had testified about,
including the weapon, the demands made, the plastic bag, a
secondary demand for money from the safe, yanking the phones or phone cords
from the wall, and an instruction to lie facedown.  Both managers identified appellant as the
robber in the extraneous offenses.  








We hold that the trial court did not abuse its
discretion in determining that the extraneous offenses were admissible for the
purposes of establishing identity. 
Extraneous offenses may be admissible to show identity when identity is
an issue in the case and when the extraneous offenses are so similar to the
charged offense that the offenses are marked as the defendant=s handiwork.  Lane v. State, 933
S.W.2d 504, 519 (Tex.Cr.App.1996). 
Identity may be placed in issue by the defendant=s
cross-examination of the State=s
witnesses, such as impeachment concerning a material detail of a witness=s
identification.  Lane
v. State, supra; Siqueiros v.
State, 685 S.W.2d 68, 71 (Tex.Cr.App.1985).  In the present case, defense counsel=s cross-examination of Wright and
Officer Villarreal raised the issue of identity.  See Lane v. State, supra;
Harvey v. State, 3 S.W.3d 170, 175-76 (Tex.App.
- Houston [14th Dist.] 1999, pet=n
ref=d).  Furthermore, the offenses were sufficiently
similar to mark them as appellant=s
handiwork.  Thus, the trial court did not
abuse its discretion in overruling appellant=s
Rule 404(b) objection.  

We also hold that the trial court did not abuse
its discretion in overruling appellant=s
Rule 403 objection.  The only issues in
this case were Wright=s
credibility and Wright=s
identification of appellant as the person who robbed him.  Although Wright aided in sketching a drawing
of the robber, was positive in his identification of appellant at the lineup,
and was positive in his identification of appellant a trial, the accuracy of
the description given to police and the details of the offense were impeached
by appellant during cross-examination. 
There were no eyewitnesses other than Wright to the charged offense, no
latent prints discovered at the scene, and no fruits of the crime discovered
upon appellant=s
subsequent arrest.  Thus, the State had
no other convincing evidence to establish appellant=s
identity.  Although the evidence of the
extraneous offenses actually took up a considerable amount of time at trial, it
appears from the record that the State used more time than needed to develop
the extraneous offenses.  The nature of
the extraneous offense evidence was relatively compelling because both managers
identified appellant as the perpetrator of the robberies similar to the charged
offense.  Further, the nature of the
evidence was not of such a nature to impair the efficacy of the trial court=s limiting instruction or to impress
the jury in some irrational way. 
Consequently, we hold that the trial court did not abuse its discretion
in determining that the probative value of the extraneous offenses was not
substantially outweighed by the danger of unfair prejudice.  See Manning v. State, 114 S.W.3d 922 (Tex.Cr.App.2003).  Appellant=s
point of error is overruled.  

The judgment of the trial court is affirmed.   

 

W. G. ARNOT, III

CHIEF JUSTICE 

March 4, 2004

Do not publish.  See
TEX.R.APP.P. 47.2(b). 

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCall, J.